UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

CARLA DEVON HILLS.,

Defendant.

Case No. 5:21-cr-20350
Judge: Levy, Judith E.
Hon. MJ: Grand, David R.
Filed: 05-25-2021

VIO.: 18 U.S.C. § 1349

_____/

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

**The Medicare and Medicaid Programs**

1.  The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or older or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3. Medicare covered different types of benefits and was separated into different program "parts." "Part A" of the Medicare program covered certain eligible home health care costs for medical services provided by a home health agency ("HHA"), also referred to as a "provider," to persons who already qualified for Medicare and who additionally required home health services because of an illness or disability that caused them to be homebound.

4. National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan starting in or around May 2015. AdvanceMed was the Zone Program Integrity Contractor ("ZPIC"), meaning the Medicare contractor charged with investigating fraud, waste and abuse.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic, a HHA, or an individual, was assigned a provider identification number for billing purposes (referred to as an "NPI"). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the NPI assigned to that medical provider.

7. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered.

8. Health care providers were given, and provided with online access to, Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

9. Medicare only covered services that were both medically necessary and rendered.

10. Medicare only covered home health services, if, on the claimed dates of service:

      a.     the Medicare beneficiary was under the care of a doctor and received services under a plan of care established and reviewed regularly by a doctor;

      b.     the Medicare beneficiary needed, and a doctor certified that the beneficiary needed, one or more of the following: (i) Intermittent skilled nursing care; (ii) Physical therapy; (iii) Speech-language pathology services; or (iv) Continued occupational therapy;

      c.     the HHA must have been approved by Medicare (Medicare-certified); and

      d.     the Medicare beneficiary was homebound, and a doctor certified that the Medicare beneficiary was homebound.

### The Home Health Agencies

12.    New Era Home Care, Inc. ("New Era") was a Michigan Corporation doing business at 24100 Southfield Rd., Suite 300, Southfield, Michigan 48075. New Era was enrolled as a participating Medicare provider and submitted claims to Medicare. New Era was a HHA that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and/or skilled nursing services to patients.

13.    Precious Home Care, Inc. ("Precious") was a Michigan Corporation doing business at 24100 Southfield Rd., Suite 310, Southfield, Michigan 48075 and 300 W. Washington Ave., Suite 305, Jackson, Michigan 49201. Precious was

enrolled as a participating Medicare provider and submitted claims to Medicare. Precious was a HHA that purportedly provided in-home physical therapy, occupational therapy, speech pathology, and/or skilled nursing services to patients.

**The Defendant**

11.     Defendant CARLA DEVON HILLS, a resident of Oakland County, Michigan, was the general manager, authorized official of, and ran the day-to-day operations of both New Era and Precious.

## COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

12.     Paragraphs 1 through 11 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

13.     From at least in or around 2016, and continuing through in or around 2019, the exact dates being unknown to the United States Attorney, in Oakland County and Jackson County, in the Eastern District of Michigan, and elsewhere, CARLA DEVON HILLS and others did knowingly and willfully combine, conspire, confederate, and agree to commit certain offenses against the United States, that is, to violate Title 18, United States Code, Section 1347, that is, execute, and attempt to execute, a scheme and artifice to defraud Medicare, a benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain,

5

by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

14. It was a purpose of the conspiracy for CARLA DEVON HILLS and others to unjustly enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and others sought to accomplish the purpose of the conspiracy included, among others, the following:

15. CARLA DEVON HILLS became the general manager of, and assumed day-to-day control of New Era and Precious in or around 2012.

16. In or around 2012, CARLA DEVON HILLS and others submitted enrollment documents to Medicare on behalf of New Era and Precious and otherwise caused New Era and Precious to become participating providers in Medicare.

17. CARLA DEVON HILLS and others obtained the names and Medicare Beneficiary Numbers (also referred to as "HICNs") of Medicare beneficiaries and NPIs of physicians in order to submit false and fraudulent claims for home health services through New Era and Precious. In submitting and causing the submission of these claims, CARLA DEVON HILLS and others falsely and fraudulently certified that the home health services were prescribed by a licensed physician and that they were provided to Medicare beneficiaries under the care of New Era and/or Precious.

18. CARLA DEVON HILLS and others submitted and caused New Era and Precious to submit false and fraudulent claims to Medicare for home health services purportedly rendered to Medicare beneficiaries, when in truth and in fact, such home health services were not medically necessary and were not provided. As a result of these false and fraudulent claims, Medicare made payments to New Era and Precious, in an amount in excess of $3.5 million.

19. The payments made by Medicare pursuant to the false and fraudulent claims submitted by CARLA DEVON HILLS and others were deposited into bank accounts over which CARLA DEVON HILLS had signatory authority. CARLA DEVON HILLS disbursed the fraud proceeds to herself and others.

All in violation of Title 18, United States Code, Section 1349.

## CRIMINAL FORFEITURE

20. The above allegations contained in this Information are incorporated by reference as if set forth fully herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which CARLA DEVON HILLS has an interest, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(7), and 28 U.S.C. § 2461.

21. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461, as a result of the foregoing violation, as charged in Count 1 of this Information, the defendant, CARLA DEVON HILLS, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

22. Pursuant to Title 18, United States Code, Section 982(a)(7), as a result of the foregoing violations, as charged in Count 1 of this Information, the defendant, CARLA DEVON HILLS, shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

23. Such property includes, but is not limited to, a forfeiture money judgment, in an amount to be proved in this matter, representing the total amount

of proceeds and/or gross proceeds obtained as a result of the defendant's violations as charged in Count 1 of this Information.

24.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, CARLA DEVON HILLS, shall forfeit substitute property, up to the value of the properties identified in any subsequent forfeiture bills of particular, if, by any act or omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty.

SAIMA S. MOSHIN
ACTING UNITED STATES ATTORNEY

DANIEL KHAN
ACTING CHIEF OF FRAUD SECTION

REGINA MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

MALISA DUBAL
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice


PATRICK J. SUTER
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice


Dated: May 25, 2021

10

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 18-cr-20449 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** Denise Page Hood |
| ☒ Yes     ☐ No | AUSA's Initials: |

**Case Title:** USA v. Carla Devon Hills

**County where offense occurred:** Wayne County

**Check One:**     ☒ Felony     ☐ Misdemeanor     ☐ Petty

```
____Indictment/ ✓ Information ---  no prior complaint.
____Indictment/____Information ---  based upon prior complaint [Case number:                    ]
____Indictment/____Information ---  based upon LCrR 57.10 (d) [Complete Superseding section below].
```

**Superseding Case Information**

**Superseding to Case No:** _____     **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 25, 2021
Date

Patrick Suter
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 202-679-1430
Fax:    (313) 226 - 0816
E-Mail address: Patrick.Suter2@usdoj.gov
Attorney Bar #: CA 242494

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.